NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10510 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00084-RCJ |
| v. | MEMORANDUM[*] |
| SARAH MARIE VANDEGRIFT, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Sarah Marie Vandegrift appeals from the district court's judgment and challenges the 72-month sentence imposed following her guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vandegrift contends that the district court procedurally erred by failing to appreciate or acknowledge its discretion to vary from the child pornography guideline based on a policy disagreement under *Kimbrough v. United States*, 552 U.S. 85 (2007). We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there was none. The record reflects that the court adopted "most" of Vandegrift's arguments and found that they warranted a downward variance of 49 months, rather than the 61 months requested by the parties. Though the court did not identify which of Vandegrift's arguments it adopted, we presume that it understood the various bases on which it could vary, *see United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and conclude that any error in failing to provide further explanation did not affect Vandegrift's substantial rights, *see United States v. Dallman,* 533 F.3d 755, 761-62 (9th Cir. 2008).

Vandegrift's argument that the district court clearly erred by finding that she was at risk to recidivate is also unavailing. In light of the circumstances of the offense, the court disagreed with the parties that there was little risk of recidivism. Assuming this was a factual finding, it was not "illogical, implausible, or without support in the record." *United States v. Spangle,* 626 F.3d 488, 497 (9th Cir. 2010).

Finally, Vandegrift contends that the 72-month custodial sentence and 15-year term of supervised release are substantively unreasonable in light of her

16-10510

mitigating personal characteristics and her potential victimization in prison. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The substantially below-Guidelines sentence and within-Guidelines term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51.

**AFFIRMED.**